Had the plaintiffs entered an order for costs, the defendants could have appealed directly therefrom and would not have been put to the necessity of making an independent motion to get relief. If what occurred at the trial was equivalent to a formal determination that plaintiffs were entitled to costs so as to present that question on the appeal from the judgment, we should on that appeal have stricken out the costs.

Nor have the defendants by laches lost their right to relief. Their motion attacked the judgment not merely for an irregularity, but on its merits so far as it awarded costs. Plaintiffs have not been prejudiced by the delay, and there is no reason why defendants should suffer because of their harmless delay in correcting the plaintiffs' mistake. The defendants, however, were not entitled to the costs of the action, and to that extent their motion was properly denied.

The order must be reversed, with $10 costs and disbursements, and the motion granted, without costs, to the extent of striking from the judgment herein the costs against defendants. All concur.

---

### PALMER et al. v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

VENDOR AND PURCHASER (§ 148*)—TENDER OF DEED—WAIVER.

    Defendant, who entered into possession of land under a written agreement by plaintiffs to convey the same on payment of a certain price per acre, waived tender of a proper deed by demanding a full covenant warranty deed, together with satisfactory evidence that the title was free of all incumbrances, as a condition precedent to payment of the purchase price.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 295; Dec. Dig. § 148.*]

Appeal from Special Term, Saratoga County.

Action by Nicholas Palmer and another against the Hudson Valley Railway Company. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Rockwood, Scott & McKelvey (L. B. McKelvey, of counsel), for appellants.

W. L. Kiley (T. O. Trumbull, Jr., of counsel), for respondent.

JOHN M. KELLOGG, J. The complaint alleges that the plaintiffs executed and entered into an agreement in writing whereby they agreed with the defendant that upon the payment of $75 per acre they would convey to it a strip of land 66 feet wide across their premises; that the defendant caused said agreement to be recorded, and thereupon entered into the possession of said premises pursuant to said agreement and built its railroad along said strip, the amount of land so taken constituting 4.48 acres; that the defendant has not paid therefor; that the plaintiffs are ready and willing to convey; that the defendant

refuses payment, although demanded, and that plaintiffs are willing to convey the land upon payment of the purchase price.

The answer first admits the execution of the agreement by the plaintiffs and that the defendant recorded the same; that the defendant thereafter entered upon and constructed its road upon a strip of land 66 feet wide across plaintiffs' lands, and has ever since been and now is in occupation, and that it has not paid therefor, and denies each and every other allegation of the complaint. And as a second and affirmative defense it alleges the execution of the agreement by the plaintiffs, the tender of the purchase price by the defendant and a demand for the deed, which was refused, and that, before the commencement of this action, it served upon the plaintiffs a written notice that there was on deposit in the Merchants' National Bank of Glens Falls $200.25 held by the bank in escrow for the plaintiffs, to be paid them upon the delivery of a full covenant warranty deed conveying the lands covered by said agreement, properly executed, together with satisfactory evidence that the title to said premises was free and clear of all incumbrances. The answer then describes the premises taken by the defendant under the agreement as containing 2.67 acres of land, and alleges that plaintiffs have refused the money and neglected to execute said deed. It demands judgment for the dismissal of the complaint, that the plaintiffs be directed to execute and deliver the deed in compliance with the contract, and for other relief. After hearing the evidence, the court dismissed the complaint for the reason stated that the agreement executed by the plaintiffs was at most an option containing no promise to pay by the defendant, and no facts had been shown making the defendant liable for the payment of the purchase price, and, if such agreement be assumed, it was to pay upon a conveyance of the premises which had not been made or tendered, and intimates that the plaintiffs' remedy is ejectment, and not to recover the purchase price. In the decision it is also stated that plaintiffs had proved title to two parcels of the land A. and C., and they did not own parcel B. It is apparent that the defendant entered into the possession of the land pursuant to the agreement or option for purchase which it had recorded, and it attempted to tender the purchase price, attaching to the tender a condition which it had not the right to make. Concededly the plaintiffs were the owners of 2.67 acres of land, possession of which had been taken under the agreement by the defendant. The attempt by the defendant to annex to its demand for a conveyance an unreasonable requirement as to proof of title and a full covenant deed was a waiver of a tender of a proper deed. The defendant demanded equitable relief. The trial was before the court without a jury, which was an appropriate manner for the trial of an equitable action. Upon the conceded facts the court had ample power, and it was its duty to render judgment for the plaintiffs for the amount of their land which the defendant had taken under the agreement, and it had ample power, if it deemed it necessary, to require the execution and delivery of a proper conveyance. It therefore was a proper case for the court to decide upon its merits determining just how much land the defendant had elected to take, and had taken pursuant to the agreement, and to award payment of the purchase price to the plaintiffs upon the execution of

a proper conveyance therefor, which the plaintiffs upon the trial offered to make.

The judgment should therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., not voting.